IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAY DANIEL SANDERS                                                                                                    PLAINTIFF

v.                                        Civil No. 6:22-CV-06064-SOH-BAB

DEPUTY U.S. MARSHAL ISAAC                                                                                       DEFENDANTS
RODRIGUEZ, *et. al.*

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

Currently before the Court is Plaintiff's failure to keep the Court apprised of his mailing address as required by Local Rule 5.5(c)(2), and his failure to prosecute this case.

### I. BACKGROUND

Plaintiff filed his Complaint on June 10, 2022. (ECF No. 1). That same day, the Court entered an Order directing him to file a completed *in forma pauperis* ("IFP") application and an Amended Complaint by July 1, 2022. (ECF No. 4). On June 21, 2022, mail sent to Plaintiff, including the Order, was returned as undeliverable. All mail was resent to Plaintiff in the Garland County Detention Center. (ECF No. 5). This mail was not returned as undeliverable.

To date, Plaintiff has not filed his completed IFP application or his Amended Complaint, and has not otherwise communicated with the Court.

1

## II.  LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.  ANALYSIS

Plaintiff has failed to keep the Court apprised of his current address as required by Local Rule 5.5(c)(2). Plaintiff has failed to prosecute this matter. Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV.  CONCLUSION

Accordingly, it is recommended that Plaintiff's Complaint be DISMISSED WITHOUT PREJUDICE.

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **16th day of August 2022**.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE